ELECTRONICALLY FILED
Faulkner County Circuit Court
Crystal Taylor, Circuit Clerk
2020-Nov-02 12:12:20
23CV-20-1159
C20D03 : 5 Pages

# IN THE CIRCUIT COURT FAULKNER COUNTY, ARKANSAS
## _____ DIVISION

**JESSICA CANADY BRANCH**                                    **PLAINTIFF**

VS.                    CASE NO. 23CV-20-_____

**DOLGENCORP., LLC**
**d/b/a DOLLAR GENERAL**                                    **DEFENDANT**

## COMPLAINT

Comes now Jessica Canady Branch, hereinafter referred to herein as the Plaintiff, by and through her attorney, Lorie L. Mason, and for her cause of action filed against Dolgencorp, LLC, d/b/a Dollar General, hereinafter referred to herein as the Defendant, does hereby state and alleges as follows:

1. That the Plaintiff, Jessica Canady Branch, is and was, at the time of the incident, a resident of Conway, Faulkner County, Arkansas. That the Defendant, Dolgencorp, LLC, d/b/a Dollar General, is and was, at the time of the incident, a domestic corporation doing business in and owning the property that is the subject of this lawsuit in Conway, Faulkner County, Arkansas. This cause of action arises out of negligence and personal injury which occurred on or about April 27, 2020, in Faulkner County, Arkansas. As such, this Court has jurisdiction of the subject matter of this cause and is the proper venue for said cause of action.

2. That the Plaintiff, Jessica Canady Branch, brings this suit to recover damages for personal injuries she sustained as a direct result of an incident which occurred on or about April 27, 2020,



at Defendant's premises. Said incident was proximately caused by the negligence of Defendant, its agents, servants and/or employees.

3. Plaintiff sustained injury to her body as a result of the impact including, but not limited to low back/hip pain, low back/hip spasm, decreased lumbar range of motion and difficulty sitting due to pain and spasms.

4. On April 27, 2020, Plaintiff was an invitee on Defendant's premises having gone there to make some purchases. While Plaintiff was on the premises, she slipped and fell from standing water that was on the floor, with her left leg extending out and ultimately landing on both knees. As a result of the water on the floor, Plaintiff sustained severe personal injuries and damages.

5. That the Defendant created the dangerous condition by failing to mark or block off the wet floor for safety of its patrons.

6. The Defendant failed to warn patrons of the dangerous condition.

7. As a direct and proximate result of the acts or omissions and carelessness, recklessness, and negligence of Defendant, Plaintiff sustained personal injury.

8. At all times material hereto, Plaintiff was acting in a prudent and cautious manner and was in no way negligent.

9. That it was the duty of the Defendant to exercise ordinary care and diligence to provide and maintain a reasonably safe walking area for business invitees on Defendant's premises, and to warn said invitees of the existence of a dangerous and inherently unsafe condition. Additionally, it was the Defendants' duty to exercise reasonable care in order to prevent a dangerous condition on its premises, to inspect the premise, and to exercise ordinary care to correct such a condition after becoming aware of its existence.

10. That the Defendants were negligent, and that said negligence includes, but is not limited to:

    a. Causing a potentially dangerous condition in an area where customers were invited and encouraged to walk;

    b. Having knowledge, prior to the incident involving the Plaintiff, that the dangerous condition existed and allowing it to persist and increasing the chance that a customer, such as the Plaintiff, might be injured by said dangerous condition; and

    c. Failing to provide adequate notice or warning to business invitees, such as the Plaintiff, who could be reasonably expected to walk through the area where the dangerous condition existed.

11. That the Defendant failed to exercise ordinary care by failing to warn customers of the dangerous condition, and that the Defendant knew or should have known that such a failure could create a dangerous condition to business invitees, such as the Plaintiff, causing them to be injured.

12. Pursuant to Arkansas law, Defendants have (1) the duty to maintain the premises in a reasonably safe condition; (2) the duty to inspect the premises to discover dangerous conditions reasonably recognizable by common experience and ordinary prudence; and (3) the duty to either remove or warn of the dangerous condition the possessor knows or should reasonably know about.

13. That the Defendant created the condition complained of herein and the Defendant had actual or constructive notice of the condition prior to the Plaintiff's injury.

14. The dangerous condition existed for such a length of time that the Defendants knew,

or in the exercise of ordinary care should have known of its existence.

15. That as a direct and proximate result of the negligence of the Defendant, the Plaintiff has sustained damages, including pain, suffering and mental anguish in the past and will suffer pain, suffering and mental anguish in the future, has sustained medical expenses in the past.

16. That the Plaintiff, Jessica Canady Branch, requests a trial by jury.

17. That the Plaintiff reserves the right to amend her Complaint and to plead further as discovery may warrant, both as to issues of liability or damages.

**WHEREFORE, PREMISES CONSIDERED, PLAINTIFF RESPECTFULLY PRAYS:**

1. That Plaintiff be awarded a judgment for her damages;

2. That Plaintiff be awarded her attorney's fees, expenses and costs; and

3. That Plaintiff be granted any other relief, general or specific, this Court deems equitable and just, including prejudgment and post judgment interest.


Respectfully Submitted,
Jessica Canady Branch, by:

/s/ Lorie L. Mason
Lorie L. Mason, Ark. Bar#2009054
Mason Law Firm and Associates, PLC
2915 Dave Ward Dr. Ste. 4
Conway, AR 72034
(501) 504-6275 (office)
(501) 421-9984 (fax)

## VERIFICATION

I, Jessica Branch, after being duly sworn and upon oath state that the facts set forth in the foregoing document are true and correct to the best of my information, knowledge, and belief.

Witness my hand and seal on this 19 day of October, 2020.

*Jessica Canady-Branch*
Jessica Branch

STATE OF ARKANSAS
COUNTY OF FAULKNER

SUBSCRIBED AND SWORN to before me, a Notary Public, on this 19 day of October, 2020.

*Leslie Brixey*
Notary Public

My commission expires on:

1-8-2025
(SEAL)

```
LESLIE BRIXEY
NOTARY PUBLIC - ARKANSAS
POPE COUNTY
My Commission Expires 01-08-2025
Commission No. 12402487
```